UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL NO. 98-37-JBC

UNITED STATES OF AMERICA                           PLAINTIFF

VS:            **REPORT AND RECOMMENDATION**

GROVER GABBARD                                      DEFENDANT

\* \* \* \* \*

This matter was assigned to the undersigned Magistrate Judge for a hearing pursuant to a Supervised Release Violation Report filed by the United States Probation Office. A hearing was conducted on the 22ND day of December, 2005, at which the defendant was personally present and represented by appointed counsel, Hon. Brandon Storm, and the United States was represented by Assistant United States Attorney Roger West. United States Probation Officer Deana Kincer, was also present.

Counsel for the parties informed the Court that, in lieu of hearing testimony of probation officer, Deana Kincer, they would stipulate the facts as contained in the report of December 8, 2005, and Addendum of December 20, 2005, which stipulation was accepted after a hearing establishing the voluntariness and factual

1

basis for same. Thereupon the United States stated it had no further evidence to submit, as did defendant. The Magistrate Judge, being so advised, makes the following proposed Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1) On December 11, 1998, the defendant was sentenced in this Court, pursuant to a guilty plea, for conspiracy to cultivate marijuana. His punishment was fixed at a sixty (60) month term of imprisonment, to be followed by a four (4) year term of supervised release, with special a condition that he was to participate in a substance abuse treatment program. The defendant began his four-year period of supervised release on June 4, 2003.

2) The defendant has stipulated that on May 18, 2005, he submitted a urine screen which tested positive for methamphetamine and opiates. No action was taken at that time and the defendant was placed in an out-patient counseling program.

3) On November 21, 2005, the defendant submitted a urine screen which tested positive for hydromorphone and hydrocodone. On November 28, 2005, he submitted a urine screen which tested positive for Oxymorphone, and on December 19, 2005, the defendant submitted a urine screen which tested positive for opiates and oxycodone.

4) The defendant has been in contact with a convicted felon, before and after being instructed by the supervising officer to not do so.

## CONCLUSIONS OF LAW

The above stipulation and report prove, by clear and convincing evidence, that the defendant has violated the following conditions of his supervision:

- The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

- The defendant shall not associate with any persons engaged in a criminal activity, and shall not associate with any person convicted of a felon unless given permission to do so by the probation officer.

This first violation is a Grade B violation. Pursuant to Title 18, U.S.C., Section 3583(e), upon the finding of a Grade B violation, the Court shall terminate supervised release unless the Court determines that a drug treatment program would be more beneficial to the defendant. However, as pointed out by the probation officer, Mr. Gabbard has received treatment while incarcerated and after being released. His recent testings of positive for illegal prescription drugs and opiates do not warrant the exception in this case.

Pursuant to Guideline §7B1.4(a), it would appear that should the Court revoke Mr. Gabbard's supervision based on a Grade B violation and his criminal

history category of II, the period of imprisonment would be six (6) to twelve (12) months.  Pursuant to statute (18 U.S.C. §3583(e)(3)), the maximum term of imprisonment would be not more than three (3) years.  Of course, the Guidelines are advisory in nature, to be considered by the District Judge along with all relevant factors in exercising her sentencing discretion.  Counsel for the parties and the supervising officer have agreed to a recommendation that the defendant's supervision should be revoked, and that he be imprisoned for a period of nine (9) months, not to be followed by any additional term of supervised release.

The defendant requested that he be allowed to self-report to the U.S. Marshal's Service on January 3, 2006.

## RECOMMENDATION

IT IS THEREFORE RECOMMENDED as follows:

1) That the defendant's supervised release be REVOKED, and he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months; and,

2) That the sentence of imprisonment **not** be followed by a new term of supervised release.

The defendant shall be released and is directed to self-report to the United States Marshal's Service in London, Kentucky not later than **10:00 a.m. on**

**Tuesday, January 3, 2006**.

The defendant has executed a waiver of allocution and right to appeal, which is filed in this action.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985).  Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  See *Howard v. Secretary of Health and Human Services,* 932 F.2d 505 at 509 (6th Cir. 1991). A party may file a response to another party's objection within ten (10) days after being served with a copy thereof.  Rule 72(b), Fed.R.Civ.P.

This the 22nd day of December, 2005.

Signed By:
**J.B. Johnson, Jr.**
United States Magistrate Judge